UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL HANANIAH ALI EL,

    Plaintiff,                                      Hon. Janet T. Neff

v.                                                        Case No. 1:19-cv-1030

NATHAN LAFRAMBOISE,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Daniel Hananiah Ali El initiated this action on December 6, 2019, against Nathan Laframboise, Special Agent with the Internal Revenue Service. Because Ali El has been permitted to proceed as a pauper, the Court has reviewed his complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons herein, the undersigned recommends that the complaint be dismissed for failure to state a claim.

    A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). But the Court need not accept as true factual allegations that are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Daniel Hananiah Ali El alleges the following. Ali El owns a business, New Amexem Accounting Marketing & Investing (New Amexem), which secured a tax refund check in the amount of five million dollars. When Ali El attempted to negotiate this check, however, it was confiscated by the Lansing Police Department.

2

Ali El thereafter requested that the United States Internal Revenue Service reissue the check.  Defendant refused on the ground that the tax return filed by New Amexem was "frivolous."  Defendant instead kept the check "for his own personal reasons."  Ali El alleges that Defendant violated: (1) the 1787 Treaty of Peace and Friendship; (2) the Sundry Moor Act of 1790; (3) Article IV, Section I, Article VI, Section II, and Article I, Section X of the United States Constitution.  Ali EL further alleges that Defendant has committed treason.

The present complaint must be dismissed for two separate reasons.  First Ali El has initiated this action on behalf of a corporate entity, New Amexem.  There is no indication, however, that Ali El is a licensed attorney.  As a layperson, Ali El cannot assert a legal claim on behalf of a corporate entity.  *See, e.g., Sanchez v. Walentin*, 526 Fed. Appx. 49, 51 (2d Cir., June 3, 2013).  Accordingly, the undersigned recommends that the complaint be dismissed.  In the alternative, should the complaint be interpreted as asserting claims by Ali El on his own behalf, rather than on behalf of New Amexem, the result is the same.

Plaintiff's allegations do not implicate or violate the cited constitutional provisions.  Plaintiff cannot assert a cause of action under the 1787 Treaty of Peace and Friendship.  *See, e.g., Bey v. Butzbaugh*, 2014 WL 5149931 at *5 (W.D. Mich., Oct. 14, 2014) (no private right of action exists for alleged violations of the Treaty of Peace and Friendship).  The Sundry Moor Act of 1790 likewise affords no relief.  *See, e.g., Metaphyzic El-Ectromagnetic Supreme-El v. Director, Department of Corrections*, 2015 WL 1138246 at *7 (E.D. Va., Mar. 3, 2015) (the Moors Sundry Act of 1790 was passed by

the State of Carolina and, therefore, has no applicability outside South Carolina). Finally, putting aside that Ali El has failed to allege facts that Defendant committed treason, the statute cited by Ali El is a criminal statute which cannot be enforced by a private citizen. *See, e.g., Medlock v. Grembowski*, 2016 WL 750353 at *5 (W.D. Mich., Feb. 26, 2016).

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 17, 2019
/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge